**Nelson Alberto Lucero LOPEZ, aka Ramon Espinoza-Gomez, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 15-70349**

United States Court of Appeals, Ninth Circuit.

Submitted December 14, 2016 *

Filed December 20, 2016

Ruben Salazar, Esquire, Attorney, Law Offices of Ruben Salazar, Los Angeles, CA, for Petitioner

Joanna L. Watson, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Nelson Alberto Lucero Lopez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations. *Ibarra–Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Lucero Lopez' contention that the IJ violated his due process rights by allegedly failing to sufficiently inquire about whether he had a fear of returning to Guatemala fails, where IJ sufficiently inquired about Lucero Lopez' potential fear of return to Guatemala and Lucero Lopez indicated that he had none. *See id.* at 620–21 ("The BIA's decision will be reversed on due process grounds if (1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." (internal citation and quotation marks omitted)).

We lack jurisdiction to consider Lucero Lopez' unexhausted contentions that he was deprived of his right against self-incrimination, his right to counsel, and his right to a neutral judge. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

administrative proceedings before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.